THE STATE OF KANSAS, *on the relation of Barbara Hertlein,* v. GUILFORD J. REED.

BASTARDY — *Credibility of Witnesses — Erroneous Instruction.* An instruction in a bastardy case which informs the jury "that the interests of the mother of the child and the defendant in the case are not equal; that the mother is a mere witness for the state in a proceeding to compel the father of the child to contribute to its support, while the defendant has a direct pecuniary interest in the result of the proceeding;" and also states, that "the defendant, being liable to be charged with such support, is directly interested in the result, while the mother has no such interest," does not correctly state the interests of the mother and reputed father of the child in the result of such proceeding, and is therefore erroneous.

### Appeal from Finney District Court.

ACTION for bastardy. The material facts appear in the opinion.

*G. L. Miller*, and *A. J. Hoskinson*, for appellant.

*H. F. Mason*, county attorney, for The State.

Opinion by STRANG, C.: This was an action for bastardy, tried in the district court of Finney county on September 4, 1888, before the court and a jury, resulting in a verdict and a judgment that the defendant, Guilford J. Reed, was the father of the bastard child of Barbara Hertlein. There are a large number of errors assigned, but as this court is of the opinion that the judgment of the district court must be reversed because of error in the instructions of the trial court,

the other errors, the cause for many of which will not exist in connection with another trial of the case, need not now be considered. The instruction complained of reads as follows:

" You are instructed that, under the law, the interest of the mother of the child and of the defendant in this suit are not equal. The mother is a mere witness for the state in a proceeding to compel the father of her child to contribute to its support, and so save the public from the expense of sustaining it, while the defendant has a direct pecuniary interest in the result of the proceeding. The defendant, being liable to be charged with such support, is directly interested in the result, while the mother has no such interest. These facts may be considered by the jury in weighing their testimony."

This instruction is faulty in several respects. It states that the mother has no pecuniary interest in the support of her child. This statement could only have been made by the trial court upon the assumption that the mother of a bastard child is in no way responsible, under the law, for the support of such child. This is not the law. Under the law, the mother of an illegitimate child is all the while known, and is at all times, at least during its infancy, liable for its support, while the father of such child is unknown until ascertained by judicial proceedings, unless he acknowledge its paternity; and therefore, he is liable only when the paternity of the child is acknowledged by him, or it is established by judicial inquiry. And when the paternity of the child is established by the judgment of the court, the law does not relieve the mother from liability for the support of her child, but compels the father, thus ascertained, to contribute his share to the support of such child. The mother must still do her part towards caring for and supporting her child. And again, so far as the judicial inquiry is concerned, the mother, who under the law must alone support her illegitimate child, unless its paternity is ascertained by such inquiry, has an interest in the result of the proceeding, to the full extent of the contribution the court requires the accused, if found to be the father of her child, to make towards its support; and that is the measure also of the pecuniary interest the accused has in the in-

quiry. It follows, therefore, that the pecuniary interest of the mother of the illegitimate child in this case, and that of the reputed father, were not so unlike upon the trial as the district court seemed to think when the above instruction was given. The court says, in the instruction given, "the mother is a mere witness in a proceeding to compel the *father of her child* to contribute to its support." This instruction is also faulty in this, that it comes too near telling the jury that the accused is the father of the child. The instruction does not say, to compel the *reputed* father of her child, or the *alleged* father of her child, to contribute to its support, but it says, "to compel *the father of her child* to so contribute." Some qualifying word should have accompanied the word "father" in this part of the instruction. This instruction does not correctly state the rule in relation to the interests of the mother of an illegitimate child and the reputed father thereof, in an inquiry to ascertain whether the accused is the father of such child, and it is faulty in the other respect as pointed out, and it is therefore erroneous. We also think the error prejudicial to the substantial rights of the appellant. It is therefore recommended that the judgment of the district be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.